NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided July 22, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3314

| | |
|---|---|
| CONTRELL PLUMMER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-00682-MJR |
| | |
| WEXFORD HEALTH SOURCES, | Michael J. Reagan, |
| INCORPORATED, et al., | *Chief Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Contrell Plummer, an Illinois prisoner, has suffered from asthma since he was a child. In prison he also experienced back and abdominal pain, constipation, and an irritated throat. In this suit under 42 U.S.C. § 1983, Plummer principally claims that Wexford Health Sources and two company physicians, Magid Fahim and Fe Fuentes, violated the Eighth Amendment through deliberate indifference to these ailments.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Plummer also claims that these defendants withheld medical care in retaliation for naming them in grievances. The district court granted summary judgment for the defendants, and we affirm that decision.

Plummer filed this action in August 2011, complaining about events in 2010. The pertinent facts are not in dispute, and we recount them in the light most favorable to Plummer, as the opponent of summary judgment. *See Dewitt v. Corizon, Inc.*, 760 F.3d 654, 655–56 (7th Cir. 2014).

Plummer was housed at Menard Correctional Center for a number of years until he was transferred in late 2013. During 2010 he was treated at least 25 times by the medical staff, including the defendant physicians. That year Plummer's doctors prescribed a variety of asthma drugs, including corticosteroids and bronchodilators, to both prevent and stop asthma attacks. These medications mostly were administered using an inhaler (for aerosols) or nebulizer (to create a breathable mist from solutions). A pulmonologist who later examined Plummer in 2012 after he filed this lawsuit recommended two of the same drugs prescribed by the defendants. Fifteen X-rays were taken of Plummer's chest, abdomen, back, pelvis, and neck between May 2009 and September 2012. All were normal except for a few signs of constipation. The results of an ultrasound from late 2009 also had been normal. Doctors treated Plummer's constipation with laxatives, a fiber supplement, and antacids. The medical staff also gave Plummer ibuprofen and acetaminophen for his pain. For his irritated throat—an X-ray had ruled out his fear of cancer—Plummer was instructed to gargle salt water.

At summary judgment the defendants argued that Plummer's disagreement with their course of treatment is not evidence of deliberate indifference. The defendants submitted Plummer's medical records, and in affidavits the two doctors recount their treatment of his asthma and their investigation of his other complaints. Both doctors explain that Plummer's asthma medications cause constipation, which likely was the source of his abdominal and back pain. In response Plummer criticized his treatment for his asthma and constipation as ineffective and insisted that he should have seen the pulmonologist sooner.

As the district court noted, however, Plummer did not aver that his complaints had been ignored, nor did he dispute the doctors' accounts of the treatment provided. The defendants had not persisted with ineffective treatment, the court reasoned, but instead had monitored his ailments and tried medications that the pulmonologist later would endorse as appropriate. Plummer had shown some improvement, the court

noted, and a jury could not reasonably find that his conditions were ignored. Moreover, the court added, the undisputed evidence establishes that the defendants had continued treating Plummer even after he named them in grievances, which defeats his claim of retaliation.

On appeal Plummer points to no evidence creating a triable issue of fact about the doctors' treatment. *See* FED. R. CIV. P. 56(c), (e); *Knight v. Wiseman*, 590 F.3d 458, 463–64 (7th Cir. 2009). He asserts that he has been in continuous pain since 2007 without a diagnosis, receives no pain medication, was not given the aerosol asthma medication he wanted, and has been prescribed the same medications for his abdominal and back pain, which have no effect. But the source of Plummer's pain *was* diagnosed and he *was* getting pain medication, so these accusations simply reinforce the defendants' contention that Plummer disagrees with their conclusions and treatment, which cannot sustain a claim of deliberate indifference. *See McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

In response to Plummer's complaints of abdominal and back pain and difficulty breathing, the doctors ordered multiple tests and tried a variety of treatments. And though continuing to pursue an ineffective treatment might sometimes evidence deliberate indifference, *see Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010), Plummer offered no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to his ailments, *see Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Plummer has suffered from asthma for more than 42 years, and corticosteroids, which he was prescribed, are the most effective long-term treatment option. *See Asthma Care Quick Reference*, NAT'L INST. OF HEALTH, https://www.nhlbi.nih.gov/health-pro/guidelines/current/asthma- guidelines/ quick-reference (last updated June 2012). But these drugs also can cause throat irritation. *See Asthma Medications: Know Your Options*, MAYO CLINIC (Sept. 20, 2012), http://www.mayoclinic.org/diseases-conditions/asthma/in-depth/ asthma-medications/art-20045557. And one of the classes of bronchodilators that Plummer was prescribed can cause constipation. *See Side Effects of Bronchodilator Medicines*, NAT'L HEALTH SERV., http://www.nhs.uk/Conditions/Bronchodilator-drugs/ Pages/Side-effects.aspx (last reviewed May 19, 2014). A jury could not reasonably find that the defendants disregarded Plummer's need for medical care, not for his asthma or for the side effects of his medications for that condition.

This outcome is not changed by what Plummer characterizes as a delay in sending him to the pulmonologist. Nothing in the record suggests that Plummer needed a pulmonologist to treat his asthma or a specialist to treat his other conditions. In fact, when he saw the pulmonologist for his asthma in 2012, the pulmonologist recommended the same course of treatment as the prison doctors, showing that the treatment was within the bounds of professional judgment. *See Pyles v. Fahim*, 771 F.3d 403, 411–12 (7th Cir. 2014).

Plummer's argument that Wexford's cost-saving policies contributed to the doctors' deliberate indifference also fails, because Drs. Fahim and Fuentes were not deliberately indifferent to Plummer's medical needs. *See Pyles*, 771 F.3d at 412; *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). In the past we have had occasion to question the medical care provided through Wexford, *see, e.g., Shields v. Ill. Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (Wexford was shielded from liability by diffusing responsibility for medical care but prisoner was left with permanent shoulder injury because he did not receive surgery); *Smego v. Mitchell*, 723 F.3d 752 (7th Cir. 2013) (Wexford dentist waited 30 months to fill civil detainee's cavities), in this instance, however, we are encouraged that Wexford's doctors were responsive to Plummer's medical needs.

As for his retaliation claim, Plummer's disagreement with the district court's ruling is frivolous. He says that Dr. Fahim did not see him for two years because of his grievances and, when Dr. Fahim finally did examine him at the asthma clinic, would not address his complaints of abdominal and back pain. Yet the grievances underlying Plummer's retaliation claim were submitted between July and October 2010; Dr. Fahim treated Plummer in May and October of that year and was not even employed by Wexford before September 2009 or after August 2011. More importantly, Dr. Fahim was one of many healthcare providers at Menard, and, as discussed above, Plummer was not deprived of any medical treatment, so he suffered no adverse action as required to show retaliation. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (explaining that prisoner must show he "suffered a deprivation that would likely deter First Amendment activity in the future"); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (same).

Finally, Plummer argues that the district court abused its discretion by denying his six requests to recruit counsel. He contends that a lawyer was necessary to help him amend his complaint to include a conditions-of-confinement claim and to add several other members of the medical staff as defendants in his deliberate indifference claim.

He also says he needed a lawyer to help him with discovery. But a lawyer could not have affected the outcome in this case. *See Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013); *Jackson v. Kotter*, 541 F.3d 688, 699–701 (7th Cir. 2008). The district court had correctly severed Plummer's conditions-of-confinement claim at screening (Plummer is pursuing that claim in a separate action). *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And adding more defendants to the deliberate-indifference claim could not change the fact that no jury reasonably could find for Plummer on this record.

We have reviewed Plummer's remaining contentions and conclude that none merits additional discussion. Accordingly, the judgment of the district court is AFFIRMED.